# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 20-cv-2393-HLT-TJJ |
| UNIVERSITY PARTNERS, LLC, | ) |
| ASSET CAMPUS USA, LLC, | ) |
| CARDINAL GROUP MANAGEMENT | ) |
| MIDWEST, LLC, and EVEREST | ) |
| CAMPUS WEST, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case is before the Court on several intertwined motions—some that must be resolved before others can be. This Order addresses some of those motions, specifically:

- Plaintiff's Motion to Recuse Hon. Magistrate Judge Teresa James (ECF No. 68);

- Plaintiff's Motion to Stay Further Proceeding Until Plaintiff Gets Eye Treatment and in the Alternative Appoint Lawyer (ECF No. 69); and

- Defendant Cardinal Group Management Midwest, LLC's Motion to Strike (ECF No. 76).

The Court takes up each of these motions briefly, in reverse order of their filing.

<u>Defendant Cardinal Group Management Midwest, LLC's Motion to Strike (ECF No. 76)</u>

First, Defendant Cardinal Group Management Midwest, LLC ("Defendant Cardinal") moves to strike four of Plaintiff's filings, as "de facto surreply" pleadings. Defendant Cardinal argues the following four documents are improper attempts to file a sur-reply to its motion to dismiss (ECF No. 58), without leave to do so: ECF Nos. 68–71.

ECF No. 68 is Plaintiff's motion for the undersigned judge to recuse herself from this case. This document is not an improper attempt to file a sur-reply and the Court will not strike it.

1

ECF No. 69 is Plaintiff's motion to stay or to appoint an attorney. Again, this document is not an improper attempt to file a sur-reply and the Court will not strike it.

ECF No. 70 is a document titled "Plaintiff's memorandum in opposition to dismiss her proposed 2nd amended complaint," and ECF No. 71 is titled Plaintiff's "Supplemental Motion and Memorandum to Deny Dismissal of 2nd Proposed Amended Complaint as to Defendant Cardinal Group." These two documents are related to Defendant Cardinal's motion to dismiss (ECF No. 58), which is before the District Judge for resolution. The Court will therefore leave the question of whether they are improper sur-replies to the District Judge to decide.

<u>Plaintiff's Motion to Stay Further Proceeding Until Plaintiff Gets Eye Treatment and in the Alternative Appoint Lawyer (ECF No. 69)</u>

In this motion, Plaintiff asked the Court to stay the proceedings until May 30, 2021, or alternatively to appoint an attorney for her. May 30, 2021 has now passed, so Plaintiff's request for relief is moot. The Court need not consider Plaintiff's alternative request to appoint an attorney because it was dependent on the Court denying a stay through May 30. If Plaintiff still would like to seek appointment of counsel in this case, she may file a renewed motion for appointment of counsel, that is not presented as an alternative to another request for relief.

<u>Plaintiff's Motion to Recuse Hon. Magistrate Judge Teresa James (ECF No. 68)</u>

In ECF No. 68, Plaintiff explains her belief that the undersigned judge is biased against her. What follows is not a complete recounting of Plaintiff's allegations of partiality and bias, but it serves as a representative sample of the reasons she contends the undersigned judge should recuse.

First, Plaintiff alleges that the undersigned has shown sympathy to Defendants and unfairly told Plaintiff "that if she cannot shorten her proposed complaint to comply with the

FRCP Rule 8, then she will not be allowed another opportunity to amend."[1] Plaintiff also claims that the undersigned has shown antagonism toward Plaintiff—allegedly accusing Plaintiff of lying—and adds that the undersigned has shown alliance with Defendants by employing an assistant with a similar first name to the names of persons associated with Defendant University Partners, LLC. As further evidence of the undersigned judge's alleged favoritism, Plaintiff points out that the undersigned "praised" two of Defendants' attorneys during the January 8, 2021 phone conference with the parties, and suggests (without any foundation whatsoever) that such "favoritism" is race-based.[2] Finally, Plaintiff suggests that the Court's use of the word "infirmity" in an Order[3] indicates a hostility toward persons "with a mental health impairment of infirmity."[4]

None of Plaintiff's allegations, specifically identified above or not, give reason for the undersigned judge to recuse from this case. Plaintiff seeks recusal under 28 U.S.C. § 455. This statute states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test in the Tenth Circuit is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[5] The decision whether to recuse is committed to the

---

1  ECF No. 68 at 2.

2  *Id.* at 16.

3  ECF No. 61 at 1.

4  ECF No. 68 at 13.

5  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotation and citation omitted).

sound discretion of the court.[6] If the question is close, however, the court should recuse.[7] That said, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[8] When a legitimate reason for recusal is lacking, judges have a duty to sit.[9]

Plaintiff's allegations of partiality are unfounded and insufficient to meet this standard. The standard for recusal is not subjective and does not depend on Plaintiff's personal perception. Whether Plaintiff, herself, felt "embarrassment" during the Court's phone conference with the parties,[10] and whether Plaintiff believed that the undersigned "scolded [her] like a little child,"[11] is not the standard. The standard is that of a reasonable person. Recusal is required only if a reasonable person would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible."[12]

The Court recalls the phone conference with the parties in great detail. While the Court regrets that Plaintiff felt Defendants were being shown favoritism and that Plaintiff was being attacked, a reasonable person observing the phone conference or reviewing the Court's subsequent Orders would not harbor doubts about the undersigned's impartiality. Indeed, the

---

[6] *Weatherhead v. Globe Int'l, Inc.*, 832 F. 2d 1226, 1227 (10th Cir. 1987).

[7] *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).

[8] *Cooley*, 1 F.3d at 993 (quoting Franks v. Nimmo, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[9] *Bryce*, 289 F.3d at 659 (citation omitted); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citations omitted).

[10] ECF No. 68 at 15.

[11] *Id.* at 16.

[12] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Court gave Plaintiff the opportunity to make lengthy comments during the conference, and the Court attempted to explain various ways in which Plaintiff's Complaint failed to comply with the Federal Rules' pleading requirements, so she could attempt to address the problems. Certainly, there is no basis for Plaintiff's suggestion that any action or comment by the Court was based on race. During the phone conference, the undersigned offered Plaintiff the opportunity to amend her Amended Complaint to clearly identify her claims and who they are against.[13] Although Plaintiff declined that invitation, the Court then gave Plaintiff another opportunity to file a motion to amend her Amended Complaint.[14] The Court did advise Plaintiff of the standards for pleadings and warned Plaintiff, for her own benefit, that a failure to comply with those standards would result in a denial of her motion.[15] And the Court reminded Plaintiff and all attorneys on the call of the Pillars of Professionalism adopted by this Court and of their ethical obligations generally.[16]

None of these comments or actions demonstrate any cause for a reasonable person to question the Court's impartiality. Plaintiff's request for recusal is denied.

**IT IS THEREFORE ORDERED** that Defendant Cardinal Group Management Midwest, LLC's Motion to Strike (ECF No. 76) is denied in part and remains pending in part for the decision of District Judge Teeter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Further Proceeding Until

---

[13] ECF Nos. 56 at 2; 61 at 1.

[14] ECF No. 61 at 2.

[15] *Id.* at 3.

[16] ECF No. 56 at 3.

Plaintiff Gets Eye Treatment and in the Alternative Appoint Lawyer (ECF No. 69) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Recuse Hon. Magistrate Judge Teresa James (ECF No. 68) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 3rd day of June 2021.

*Teresa James*

Teresa J. James
U. S. Magistrate