# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 20-cv-2393-HLT-TJJ |
| UNIVERSITY PARTNERS, LLC, | ) |
| ASSET CAMPUS USA, LLC, | ) |
| CARDINAL GROUP MANAGEMENT | ) |
| MIDWEST, LLC, and EVEREST | ) |
| CAMPUS WEST, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Quinn Ngiendo's motion for leave to file a Second Amended Complaint (ECF No. 63). The Court previously advised Plaintiff that it would permit her a limited time in which to file her motion, and that the Court would deny leave to amend if Plaintiff submitted a proposed Second Amended Complaint substantially similar to the operative Amended Complaint—that is, "much too lengthy for a case of this nature, disorganized, convoluted, and repetitive to comply with the 'short and plain statement' and 'concise and direct' pleading mandates of Fed. R. Civ. P. 8(a) and (d)."[1] The Court stated that it would require a substantial effort to clarify, pare down, and organize Plaintiff's claims to comply with the requirements of Rule 8.

Plaintiff has now submitted a proposed Second Amended Complaint. To be certain, it remains lengthy for the subject matter, at 31 pages, 236 paragraphs, and 60 total counts for 5

---

[1] ECF No. 56, at 2.

1

defendants. But Plaintiff's operative Amended Complaint was 49 pages, 448 paragraphs, and no separate counts delineated against any of Defendants. Plaintiff's proposed Second Amended Complaint still contains excessive repetition, but it is better organized and better identifies the claims she brings against each party.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[2] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[3] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[4] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[7] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[8] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[9] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[10] The party opposing the proposed amendment bears the burden of establishing its futility.[11]

Two Defendants argue that Plaintiff's efforts are futile—Defendant Asset Campus USA, LLC in a response to Plaintiff's motion (ECF No. 67) and Defendant Cardinal Group

---

[6] *Id*. (quoting *Foman*, 371 U.S. at 182).

[7] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[8] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Id.* at 556.

[11] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

Management Midwest, LLC in a reply brief to its motion to dismiss (ECF No. 66). Both Defendants rely largely on the premise that Plaintiff's proposed Second Amended Complaint is still too lengthy, disorganized, and repetitive to comply with Rule 8's directives, and claim the proposed filing remains substantially similar to Plaintiff's operative Amended Complaint. The other two existing Defendants (Plaintiff seeks to add one more) do not respond to Plaintiff's motion.

The standard for amendment is generous; the Court should freely grant leave to amend when justice so requires. Although a court may deny leave based on futility, the Court finds that Defendants have not met their burden to show futility here. To be clear, however, the Court is not making a final finding on the merits of Plaintiff's proposed Second Amended Complaint. In fact, Defendants may elect to file renewed motions to dismiss on other grounds directed at her Second Amended Complaint, and this Memorandum and Order shall have no impact on the outcome of those motions. But the Court finds that Plaintiff has made a good faith effort to consolidate, pare down, and organize her Complaint. That effort may not be fruitful in the end, but the Court finds that she should be allowed—for now—to continue to prosecute her case based on the proposed Second Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend (ECF No. 63) is granted. The Clerk's Office is directed to file ECF No. 63-1 as Plaintiff's Second Amended Complaint.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 11th day of June 2021.

Teresa J. James
U. S. Magistrate