IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 20-cv-2393-HLT-TJJ |
| UNIVERSITY PARTNERS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on pro se Plaintiff Quinn Ngiendo's "Motion to Amend and Enlarge Scheduling Order Deadlines and/or in the Alternative Amend after 'Waypoint' Entry of Appearance, and Motion to Seal" (ECF No. 138). On January 5, 2022, the Court conducted a telephone conference, during which it advised the parties the motion would be granted in part and denied in part. Specifically, the Court granted Plaintiff's request to modify several deadlines in the Scheduling Order, but denied Plaintiff's request for additional time to file a motion to amend her Second Amended Complaint for the reasons set out below.

At Plaintiff's request, the Court modified the following deadlines which had already passed:

- January 17, 2022: Plaintiff's good faith settlement proposals to Defendants

- February 14, 2022: Defendants' settlement counter-proposals to Plaintiff

- February 28, 2022: Confidential Settlement Reports from Plaintiff and each Defendant to the Court; after receiving the parties' reports, the Court will decide whether to order early mediation.

- February 7, 2022: Jointly-proposed protective order or motion for protective order

- <u>February 14, 2022</u>: Motion to change trial location[1]

Plaintiff is <u>not</u> granted additional time to amend her Complaint. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Once the deadline for amendment as a matter of course under Fed. R. Civ. P. 15(a)(1) has passed, amendment is allowed "only with the opposing party's written consent or the court's leave."[2] If the party seeking leave to amend its pleading files its motion after the deadline set in the scheduling order, the moving party must also satisfy Rule 16(b)(4)'s good cause requirement.[3] "As the proponent of the untimely amendment, under Rule 16(b) plaintiffs bear the burden of showing 'good cause,' i.e. that they could not have met the deadline even if they acted with due diligence."[4] And, mere lack of prejudice to the nonmoving parties does not demonstrate good cause.[5] A party seeking leave to amend the pleadings after expiration of the scheduling order deadline therefore must demonstrate both: "(1) good cause for seeking modification [of the scheduling order's

---

[1] The Court expressed its doubts regarding the merits of Plaintiff's expressed intent to change trial location from Kansas City, as Plaintiff herself designated for the trial location, to Topeka. Nonetheless, the Court allowed Plaintiff's request for a brief extension of this deadline. **However, the Court cautions Plaintiff that this is a final deadline.**

[2] Fed. R. Civ. P. 15(a)(2).

[3] *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (holding that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so").

[4] *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-1840-KHV, 2013 WL 1896985, *2 (D. Kan. May 6, 2013).

[5] *Id.*

- <u>February 14, 2022</u>: Motion to change trial location[1]

Plaintiff is <u>not</u> granted additional time to amend her Complaint. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Once the deadline for amendment as a matter of course under Fed. R. Civ. P. 15(a)(1) has passed, amendment is allowed "only with the opposing party's written consent or the court's leave."[2] If the party seeking leave to amend its pleading files its motion after the deadline set in the scheduling order, the moving party must also satisfy Rule 16(b)(4)'s good cause requirement.[3] "As the proponent of the untimely amendment, under Rule 16(b) plaintiffs bear the burden of showing 'good cause,' i.e. that they could not have met the deadline even if they acted with due diligence."[4] And, mere lack of prejudice to the nonmoving parties does not demonstrate good cause.[5] A party seeking leave to amend the pleadings after expiration of the scheduling order deadline therefore must demonstrate both: "(1) good cause for seeking modification [of the scheduling order's

---

[1] The Court expressed its doubts regarding the merits of Plaintiff's expressed intent to change trial location from Kansas City, as Plaintiff herself designated for the trial location, to Topeka. Nonetheless, the Court allowed Plaintiff's request for a brief extension of this deadline. **However, the Court cautions Plaintiff that this is a final deadline.**

[2] Fed. R. Civ. P. 15(a)(2).

[3] *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (holding that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so").

[4] *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-1840-KHV, 2013 WL 1896985, *2 (D. Kan. May 6, 2013).

[5] *Id.*

deadline] under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[6]

Although Rule 15(a)(2) instructs that the court "should freely give leave when justice so requires,"[7] the court's amendment decision, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[8] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[9] While lateness does not of itself justify denial of amendment, courts properly deny motions to amend when, for example, it appears plaintiffs are using Rule 15 to make the complaint a "moving target" or to "salvage a lost case by untimely suggestion of new theories of recovery."[10] Most important to the Court's consideration is "whether the amendment would prejudice the nonmoving party."[11] "Typically, an amendment is prejudicial only if it unfairly affects defendant in terms of preparing a defense to the amendment."[12] Most often, prejudice occurs when "the amended claims arise out of a subject matter different from what was set forth

---

[6] *Gorsuch*, 771 F.3d at 1240.

[7] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[9] *Id.* (quoting *Foman*, 371 U.S. at 182).

[10] *See In re Motor Fuel Temperature Sales Practices Litig.*, 2013 WL 1896985, at *3 (internal quotation marks and citations omitted).

[11] *Id.* (citation omitted).

[12] *Id.* (citation omitted)

3

in the complaint and raise significant new factual issues."[13]

The Court denies Plaintiff's motion to alter the amendment deadline and allow her leave to amend out of time for multiple reasons. First, Plaintiff's motion itself is deficient; it does not comply with the Court's Local Rules, which require that the proposed amended complaint be attached.[14]

Second, Plaintiff has not shown good cause to amend the deadline, as required under Rule 16(b). Plaintiff's initial Complaint in this case was filed August 12, 2020. Plaintiff's deadline to file a motion to amend was December 1, 2021.[15] This is Plaintiff's fourth motion to amend her Complaint.[16] The Court has allowed her to amend twice before,[17] and the case has been significantly delayed as a result. Because of this history, during the initial scheduling conference on November 17, the Court gave Plaintiff a brief 14-day period in which to file any further motion to amend and stressed that no extensions of this deadline would be granted. This was highlighted in the Scheduling Order memorializing the conference, which stated (in bold and underscored type) after the December 1, 2021 deadline to join additional parties or to otherwise amend the pleadings: "**This is a final deadline.**"[18] Yet, Plaintiff inexplicably failed to even

---

[13] *Id.* (citation omitted).

[14] *See* D. Kan. R. 15.1(a)(2).

[15] ECF No. 122 at 2, 8.

[16] ECF Nos. 45, 48, 63, and 138.

[17] ECF Nos. 56, 84.

[18] ECF No. 122 at 8.

request an extension of the deadline until four weeks after it passed.[19] Plaintiff acknowledges that she seeks to amend in part to include claims she simply "had forgotten to include erroneously"; to add another defendant that "out of her own mistake, [she] forgot to include" previously; and to assert a new disability discrimination claim she "erroneously omitted" previously.[20] While Plaintiff contends that health issues, and especially vision problems resulting from a traumatic brain injury (TBI) she sustained in a November 9, 2019 accident, prevented her from timely seeking to amend, Plaintiff's unsworn partial affidavit and medical records attached to her motion do not support a finding of good cause for the delay here. Indeed, the medical records show Plaintiff had appointments with several health care providers over the past few months, but little beyond that. Notably, the health concerns Plaintiff raises in the instant motion appear very similar to those she raised as the bases for her motion to stay further proceedings, filed in this case on March 26, 2021.[21] Since that date, however, Plaintiff has filed her Amended Complaint and numerous other filings in this case, some of them lengthy. Plaintiff's health and vision problems have not prevented her from actively prosecuting her claims. Plaintiff has failed to demonstrate that she could not have met the amendment deadline in this case even if she had acted with due diligence.

---

[19] In contrast Plaintiff did—by email—request a short extension of the December 1 deadline to provide to Defendants the documents identified in her Rule 26(a) Initial Disclosures (although that request also came one day after the deadline). The Court informally granted that request.

[20] *See* ECF No. 138 at 5 and 10, respectively.

[21] *See* ECF No. 69 at 1–2 (discussing Plaintiff's TBI, low vision, double vision, and related problems). The case proceeded and Plaintiff's motion to stay the case was eventually denied as moot.

Third, even if Plaintiff could have shown good cause, she fails to meet the Rule 15 standards. The requested amendment would result in undue delay and, given the multiple motions to dismiss already filed, undue prejudice to the Defendants. This is a classic case of the Plaintiff creating a moving target with shifting claims and added parties. Plaintiff seeks to add claims that are as-yet not clearly specified, along with new "defendants landlords and their Real Estate agencies."[22] To allow Plaintiff to amend again now with what appear likely to be unique theories and significant new factual issues, after several motions to dismiss have been filed and while two such motions are pending, would prejudice Defendants and unduly delay the case. Rule 1 dictates that the Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[23] Allowing Plaintiff to essentially restart the case again to add new claims and parties would not be just, speedy, or inexpensive. The Rule 1 considerations weigh heavily against the Court extending the deadline—out of time—for Plaintiff to amend her Complaint.

Plaintiff is sincere about her health concerns and the Court does not intend to minimize them. To the contrary, the Court sympathizes with Plaintiff and wishes her nothing but improved health. However, Plaintiff seems to labor under the false assumption that, because she feels strongly that her claims are of "public interest," she should be allowed to add and amend her

---

[22] ECF No. 138 at 6.

[23] Fed. R. Civ. P. 1.

claims whenever she chooses.[24] Plaintiff must instead satisfy her burden for amending out of time as required by Fed. R. Civ. P. 15(a) and 16(b), which she has failed to do. This is Plaintiff's case to prosecute. It has been delayed long enough, and allowing amendment out of time would only result in further delay and prejudice to Defendants. While the Court has been willing to extend some case deadlines to give Plaintiff more time because of her medical conditions, the Court is not willing to allow Plaintiff, once more, to alter the scope of the case with yet another amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff Quinn Ngiendo's "Motion to Amend and Enlarge Scheduling Order Deadlines and/or in the Alternative Amend after 'Waypoint' Entry of Appearance, and Motion to Seal" (ECF No. 138) is granted in part and denied in part**.**

Dated in Kansas City, Kansas, this 11th day of January 2022.

*Teresa J. James*

Teresa J. James
U.S. Magistrate

---

[24] *See* ECF No. 138 at 11.