### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 20-cv-2393-HLT-TJJ |
| UNIVERSITY PARTNERS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This case is before the Court on pro se Plaintiff Quinn Ngiendo's Motion for Leave to Change Trial Venue from Kansas City, Kansas, to Topeka [], Kansas (ECF No. 157). When Plaintiff filed this case, she designated Kansas City, Kansas as the place of trial. At the time, Plaintiff lived in Lawrence, Kansas. Since that time, Plaintiff has moved to Minneapolis, Minnesota. Plaintiff now asks the Court to change the location of trial—largely to be more convenient and more cost-effective for Plaintiff, given her limited resources, out-of-state address, and health conditions.

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[2] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may

---

[1] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[2] 28 U.S.C. § 1404(a).

order any civil action to be tried at any place within the division in which it is pending."

In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[3] The moving party carries the burden to show the Court that the current location is inconvenient.[4] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer.[5]

In this case, the Court is presented with the somewhat unusual situation of Plaintiff moving to change her own chosen forum. Defendants Everest Campus West, LLC, University Partners, LLC (who has since been dismissed from the case), and Asset Campus USA, LLC each filed an opposition to Plaintiff's motion. Defendant Cardinal Group Management Midwest, LLC did not respond to Plaintiff's motion.

The Court briefly discusses the factors for transfer. First, Plaintiff's original choice of forum was Kansas City. But her modified chosen forum is Topeka, and she has changed circumstances that support that modification. So, regardless of her original choice, Plaintiff's chosen forum (now Topeka) carries some weight, and this factor weighs in favor of Plaintiff. As for the convenience of witnesses and accessibility of witnesses and other sources of proof (the second and third factors), it appears that Topeka may be slightly more convenient, as the events at issue occurred in Lawrence, Kansas. But the difference is really immaterial; Topeka is slightly

---

[3] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991)).
[4] *Id.*
[5] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014). (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

2

closer to Lawrence, but not significantly closer. Regarding the fourth factor, there is no allegation that Plaintiff can receive an unfair trial in Kansas City. The real issue here is the fifth factor—"all other considerations of a practical nature that make a trial easy, expeditious, and economical."

As for this fifth factor, the Court makes the following observations. Plaintiff filed this case *in forma pauperis*. In support of the instant motion, she filed an affidavit indicating that she is disabled and operates on limited funds. Plaintiff uses public transportation and may need to use a shelter instead of a hotel during trial. She is familiar with the area around the Topeka courthouse and can easily navigate the public transportation system there (or walk). She has priced a bus trip from Minneapolis to Topeka and a plane flight from Minneapolis to Kansas City, and has found the bus trip to be much more affordable. Plaintiff is also familiar with the local hospital in Topeka and grocery and drug store locations, in case she needs to use them during trial.

Defendants, in opposition, argue that (1) Plaintiff has plenty of time before trial to familiarize herself with Kansas City; (2) Plaintiff hasn't met her burden to show Kansas City is "substantially inconvenient" for anticipated witnesses; and (3) the Kansas City airport is more convenient for Defendants' corporate representatives.

In its discretion, the Court determines that the place of trial will be changed to Topeka, Kansas. The Court understands the burden on Plaintiff to show the "substantial inconvenience" of her originally-chosen locale, but under the circumstances of this case, the Court finds that the factors favor modification of the trial location. The Court's decision is based largely on the significance of the fifth consideration, *supra*. Simply stated, three key facts have persuaded the Court that a change of venue is appropriate here: (1) Plaintiff wants to change her own

designation based on practical and economical concerns; (2) neither Topeka nor Kansas City is far from Lawrence, Kansas; and (3) the burden of remaining in Kansas City would be disproportionately higher for Plaintiff than for Defendants and other witnesses to commute to Topeka for trial. Kansas City appears to be "an inconvenient venue,"[6] and the Court grants Plaintiff's motion and designates the place of trial as Topeka, Kansas.

**IT IS THEREFORE ORDERED** that Plaintiff Quinn Ngiendo's Motion for Leave to Change Trial Venue from Kansas City, Kansas, to Topeka [], Kansas (ECF No. 157) is granted.

Dated in Kansas City, Kansas, this 5th day of May 2022.

Teresa J. James
U.S. Magistrate

---

[6] *Id.* at *2.