# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 20-cv-2393-HLT-TJJ |
| UNIVERSITY PARTNERS, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING PLAINTIFF'S ORAL MOTION TO RECUSE

During the October 20, 2022 telephone status conference, pro se Plaintiff Quinn Ngiendo made an oral motion to recuse and stated her opinion the undersigned judge was "being biased" and should "step down so justice can be done." The undersigned judge did not rule on the motion at the conference, but now issues the following order denying Plaintiff's motion.

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The decision whether to recuse is committed to the sound discretion of the court.[1] If the question is close, however, the court should recuse.[2] That said, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[3] When a legitimate reason for recusal is lacking, judges have a duty to sit.[4] The disqualification statute "is

---

[1] *Weatherhead v. Globe Int'l, Inc.*, 832 F. 2d 1226, 1227 (10th Cir. 1987).

[2] *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).

[3] *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[4] *Bryce*, 289 F.3d at 659 (citation omitted); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citations omitted).

not intended to give litigants a veto power over sitting judges or a vehicle for obtaining a judge of their choice."[5]

The test for impartiality in the Tenth Circuit is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[6] The standard is purely objective, and the inquiry "is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question."[7] Recusal is required only if a reasonable person would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible."[8] The requirements for disqualification under Section 455(a) will not ordinarily be satisfied by "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters."[9]

This is Plaintiff's second motion to recuse the undersigned judge in this case. Nearly eighteen months ago, in April 2021, Plaintiff made a similar motion alleging bias and partiality during a telephone conference. The undersigned denied the motion, finding Plaintiff's allegations of partiality to be unfounded and insufficient and failed to meet the standard for recusal.[10]

---

[5] *Cooley*, 1 F.3d at 993.

[6] *Id.*

[7] *Id.*

[8] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[9] *Cooley*, 1 F.3d at 993.

[10] *See* June 3, 2021 Order (ECF No. 83) at 2-5.

With regard to the oral motion to recuse Plaintiff made during the October 20, 2022 status conference, the timing of the motion suggests Plaintiff made it in reaction to some adverse rulings against her; specifically, the denial of her requests for more time to conduct discovery, which she argued at length is justified because of Defendant's alleged discovery interference, and the denial of her motion for sanctions for this alleged interference by Defendants. As the Tenth Circuit has held, "adverse rulings against a litigant cannot in themselves form the appropriate ground for disqualification."[11]  Furthermore, not all the rulings made during the status conference were adverse to Plaintiff.[12]  Although her request for an extension of the discovery deadline and motion for sanctions were denied, Plaintiff's requests for a continuance of her noticed deposition and change of location were granted to accommodate Plaintiff's stated health issues.

Plaintiff's general statement during the status conference expressing her opinion the undersigned judge was "being biased" is not sufficient to meet the standard for recusal. Plaintiff's motion is therefore denied for lack of adequate legal and factual support. Plaintiff has failed to show any facts that would cause a reasonable person to doubt the undersigned judge's impartiality.

**IT IS THEREFORE ORDERED** that Plaintiff's oral motion to recuse (ECF No. 243)[13] is denied.

---

[11] *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).

[12] *See* Oct. 24, 2022 Order Memorializing Rulings from Oct. 20, 2022 Status Conference (ECF No. 240) and Amended Scheduling Order (ECF No. 241) for all rulings from the Status Conference.

[13] For purposes of the record, Plaintiff's oral motion to recuse was filed on the docket by the Clerk's Office at the direction of the undersigned's chambers and is shown on the docket as ECF No. 243.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, this 28th day of October 2022.

*Teresa J. James*

Teresa J. James
U. S. Magistrate