IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:20-cv-02393-HLT |
| ) | |
| CARDINAL GROUP INVESTMENT, LLC; ) | |
| EVEREST CAMPUS WEST, LLC; and ) | |
| ASSET CAMPUS USA, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Objections to Plaintiff's Witnesses Pursuant to Rule 26(a)(2) ("Objections") (ECF Nos. 202 and 255),[1] and Plaintiff's Motion to Deny Late Filed Exhibits ("Motion") (ECF No. 256). Defendants object to *pro se* Plaintiff's expert witness disclosures and request an order striking the disclosures and preventing said witnesses from testifying unless the proper disclosures are submitted. Plaintiff requests in her motion that the Court strike Defendants' Objections for failure to attach copies of Plaintiff's witness disclosures at the time Defendants filed their Objections. For the reasons set forth below, the Court denies Plaintiff's Motion and sustains in part and overrules in part Defendants' Objections.

---

[1] ECF No. 255 is Defendants' Supplemental Objections to Plaintiff's Witnesses Pursuant to Rule 26(a)(2) filed on December 7, 2022, which attaches a copy of Plaintiff's witness disclosures that are the subject of their Objections (ECF No. 202) previously filed on July 29, 2022.

**I.     Procedural Background**

At the initial scheduling conference in this case, the Court ordered the parties to serve their respective Rule 26(a)(i) initial disclosures. Plaintiff served her initial disclosures on December 6, 2021, identifying eleven physicians and other health care providers as her "Treating Expert Witness[es]" and two physicians as her "Back-up treating Physician Expert witness[es]."

In addition, the initial Scheduling Order (ECF No. 122) included the following provision regarding Rule 26(a)(2) disclosures:

> If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by July 15, 2022, and by defendants by September 15, 2022; disclosures and reports by any rebuttal experts must be served by September 30, 2022. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer . . . before filing any motion based on those objections.[2]

Plaintiff served her expert witness disclosures on Defendants on July 15, 2022.[3] Defendants filed their Objections to Plaintiff's witnesses pursuant to Rule 26(a)(2) on July 29, 2022. Plaintiff filed her response (ECF No. 210) to Defendants' Objections on September 1,

---

[2] Scheduling Order, ECF No. 122, ¶ 2e.

[3] *See* Pl.'s Certificate of Service, ECF No. 195.

2022 and attached a 28-page document titled, "Expert Treating Physicians and Providers" (ECF No. 210-1). Since that time, Plaintiff has not supplemented her expert disclosures, nor did Defendants file a motion to strike the expert witness disclosures.

During the Final Pretrial Conference on December 5, 2022, the Court inquired whether Defendants intended to file a motion regarding their Objections to Plaintiff's witness disclosures, which Defendants listed in the pending motions section of the proposed pretrial order. Defendants indicated their Objections requested the relief they sought, i.e., that Plaintiff's expert witness disclosures be stricken, and they did not intend to file a motion. They further pointed out Plaintiff had filed her response in opposition to their Objections. The parties were advised the undersigned Magistrate Judge would rule on Defendants' Objections.

On December 7, 2022, the Court emailed the parties and instructed Defendants to file a supplement to their Objections with a copy of Plaintiff's witness disclosures at issue. In accordance with the Court's instructions, Defendants filed a supplement to their Objections (ECF No. 255) on December 7, 2022 and attached a copy of the expert witness disclosures at issue. These disclosures include: Plaintiff's 28-page document titled "Expert Treating Physicians and Providers;" the August 18, 2021 Cromwell Mold Inspection report with appendices; the City of Lawrence, Kansas Notice of Code Violation; the Hernly Environmental Mold Screening Report and appendices; and the May 31, 2022 Cromwell Mold Remediation Proposal.

## II.     Plaintiff's Motion to Deny Late Filed Exhibits (ECF No. 256)

The Court first addresses Plaintiff's Motion, in which she requests that the Court strike Defendants' Objections based upon Defendants' failure to attach a copy of Plaintiff's witness disclosures at the time they originally filed the Objections. Defendants' Objections were timely

filed on July 29, 2022. Defendants' supplement to the Objections was timely filed, at the direction of the Court, to clarify the specific disclosures at issue and enable the Court to rule on the Objections more efficiently. Plaintiff was fully aware of the witness disclosures she served on July 15, 2022 and even filed part of them as an exhibit to her response to the Objections. Plaintiff is not prejudiced by Defendants' supplemental filing, which merely clarified for the Court the specific witness disclosures at issue. Plaintiff's Motion is therefore denied.

### III.   Defendants' Objections to Plaintiff's Witness Disclosures

#### A.   Relevant Law Regarding Expert Witness Disclosures

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. It provides: "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[4] These three Rules of Evidence provide the standard for the admissibility of expert testimony,[5] note the proper bases of an expert's opinion testimony,[6] and generally allow an expert witness to express opinions without first disclosing the facts or data underlying the expert's opinion.[7]

---

[4] Fed. R. Civ. P. 26(a)(2)(A).

[5] Fed. R. Evid. 702.

[6] Fed. R. Evid. 703.

[7] Fed. R. Evid. 705.

The disclosures required under Rule 26(a)(2) differ depending upon whether the expert witness is "retained or specially employed to provide expert testimony in the case."[8] Under Rule 26(a)(2)(B), if a witness is "retained or specially employed to provide expert testimony in the case," the disclosure must be accompanied by a written report signed by the witness and containing five categories of detailed information.[9] Under Rule 26(a)(2)(C), if the witness is not required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[10]

The comments to Rule 26(a)(2)(C) for the 2010 Amendments further clarify the disclosure requirements for a witness not required to provide a report pursuant to Rule 26(a)(2)(B), including specifically a physician or other health care professional, who may testify as a fact witness and also provide expert testimony.[11] The disclosure required for such witnesses under Rule 26((a)(2)(C) is "considerably less extensive" than the report required under Rule

---

[8] *See* Fed. R. Civ. P. 26(a)(2)(B).

[9] *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) for the requirements of the report.

[10] Fed. R. Civ. P. 26(a)(2)(C).

[11] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to the 2010 amendment ("Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

26(a)(2)(B).[12] Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[13]

### B. Whether Plaintiff's Expert Witness Disclosures Comply with Rule 26(a)(2)(C)[14]

Defendants ask the Court to strike Plaintiff's expert witness disclosures for failure to comply "with even the liberal requirements of Fed. R. Civ. P. 26(a)(2)(C)." They argue Plaintiff's disclosures are inadequate and little more than a passing reference to "treatment" without specifying the treatment Plaintiff actually received, the duration of such treatment, or Plaintiff's possible need for future treatment. Further, they argue Plaintiff's disclosures merely incorporate a broad designation of "treatment," without specifying actual diagnoses, the severity of the diagnoses, or what facts support these diagnoses. Plaintiff's disclosures do not provide a specific summary of Plaintiff's proffered treating physicians' facts and opinions. And, Defendants argue they will be prejudiced by the vague and deficient nature of Plaintiff's disclosures, which render Defendants unable to prepare an adequate defense or designate their own expert witnesses in the matter.

---

[12] *Id.*

[13] *Id.*

[14] Plaintiff's disclosures do not reflect that any of the "treating physicians and providers" identified have been retained by Plaintiff, nor has she provided any written reports signed by those individuals. The Court therefore need not address the requirements set out in Fed. R. Civ. P. 26(a)(2)(B).

6

In reviewing Plaintiff's expert witness disclosures, the Court keeps in mind that "Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the general type of care a treating physician provided."[15] They must summarize actual and specific opinions and should provide "a brief account that states the main points" of the entirety of the anticipated testimony.[16] But this does not mean that the disclosures must outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail, as imposing this standard would make Rule 26(a)(2)(C) disclosures more onerous than Rule 26(a)(2)(B)'s requirement of a formal expert report.[17] "At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert."[18]

The Court has reviewed in detail the 98 pages Plaintiff provided to Defendants as her Rule 26(a)(2) expert witness disclosures under the guidance set out above. Plaintiff's disclosures for her "Expert Treating Physicians and Providers" is a table that includes columns with information for each of her treating physician's or provider's education/credentials, certifications, licensures, and publications. She also included a column with information about

---

[15] *Fergus v. Faith Home Healthcare, Inc.,* No. 2:18-CV-02330-JWL-TJJ, 2019 WL 511642, at *2 (D. Kan. Feb. 8, 2019).

[16] *Chambers v. Fike,* No. 13-1410-RDR, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014) (internal citations omitted).

[17] *Id.*

[18] *Id.*, *Fergus*, 2019 WL 511642, at *2.

the provider's care and treatment of Plaintiff. Based upon its review, the Court finds Plaintiff's disclosures for Drs. John Sweet and Scott Davies are sufficient under Rule 26(a)(2)(C) as she includes a fairly lengthy summary of the treatments provided and adequately summarizes the facts and opinions that these physicians may testify to at trial. Defendants' Objections to Plaintiff's disclosures are therefore overruled as to Plaintiff's designation of Drs. John Sweet and Scott Davies.

Plaintiff's disclosures for all her other treating physicians and providers identified in the "Expert Treating Physicians and Providers" table, however, are not sufficient to comply with Rule 26(a)(2)(C). The information listed by Plaintiff for each of these treaters is merely a general description of Plaintiff's maladies and the care provided by her treating physicians for her medical complaints and conditions. Plaintiff fails to include the main points of the entirety of the witnesses' anticipated testimony, and any statement of their anticipated opinions is noticeably absent.[19] The Court finds Plaintiff's general description of these treating physicians' care and treatment of her medical conditions therefore does not comply with the requirements of Rule 26(a)(2)(C). Defendants' Objections to Plaintiff's disclosures for all treating physicians identified by Plaintiff, other than Drs. Sweet and Davies, are therefore sustained.

---

[19] *Williams v. Haubstein*, No. 22-3008-SAC-RES, 2022 WL 4547466, at *3 (D. Kan. Sept. 29, 2022) (finding a *pro se* party's general description of the subject matter of a treating physician's anticipated testimony without summarizing the proposed opinions and facts did not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C)(ii)).

Plaintiff has also designated Cromwell Environmental, Inc.; ServPro; City of Lawrence, Kansas Planning & Development; Missouri Poison Center; and Lawrence-Douglas Country Fire and Medical as her "Other Retained and Non-Retained Expert Witnesses" and included reports and notices from these business and entities. Defendants object to these designations on the grounds Plaintiff makes no attempt to provide how these witnesses are "qualified by knowledge, skill, experience, training, or education to render an opinion," and she fails to provide any summary of the facts and opinions to which each witness is expected to testify. The Court agrees with Defendants and finds Plaintiff's service of these documents does not constitute a proper expert witness designation or disclosure under Rule 26(a)(2). While the reports and notices provided by Plaintiff may be relevant to Plaintiff's claims in the case, they are not the type of "written report" contemplated by Rule 26(a)(2)(B). Nor are Plaintiff's disclosures for these businesses and entities sufficient under Rule 26(a)(2)(C). Defendants' Objections to Plaintiff's "Other Retained and Non-Retained Expert Witnesses" disclosures are therefore sustained.

**C.     Whether Plaintiff's Expert Witness Disclosures Should be Stricken Under Rule 37(c)(1)**

Finding all but two of Plaintiff's witness disclosures deficient under Rule 26(a)(2)(C), the Court next considers Defendants' request to strike Plaintiff's designation of expert witnesses and prevent these witnesses from testifying.

If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a

9

hearing or at a trial, unless the failure was substantially justified or is harmless."[20] The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.[21] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make a proper disclosure.[22] The court should bear in mind that excluding expert testimony under Rule 37(c)(1) for failure to disclose the required information under Rule 26(a) is a "drastic sanction."[23] Normally, when a party serves a non-compliant expert disclosure during the discovery stage, "courts attempt to cure any prejudice or surprise by directing a party to serve supplemental expert disclosures."[24]

Defendants argue they are prejudiced by the vague and deficient nature of Plaintiff's disclosures as they will be unable to prepare an adequate defense or designate their own expert witnesses in this matter. They request Plaintiff's disclosures be stricken and the designated witnesses prevented from testifying unless proper disclosures are submitted.

Plaintiff argues striking her expert witness disclosures would be a very harsh penalty, she should be given latitude as she is proceeding *pro se* in this case, and her violations of Rule

---

[20] Fed. R. Civ. P. 37(c)(1).

[21] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.,* 873 F.3d 1191, 1200 (10th Cir. 2017).

[22] *Hayes v. American Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *4 (D. Kan. Aug. 12, 2014)*; Fergus*, 2019 WL 511642, at *3.

[23] *Hayes*, 2014 WL 3927277, at *4.

[24] *Williams,* 2022 WL 4547466, at *6.

26(a)(2) were not willful. Furthermore, she argues that any inaccuracies or deficiencies can be cured by allowing her to supplement her disclosures and Defendants would not be prejudiced by allowing her to supplement them. Plaintiff requests that if the Court finds her witness disclosures deficient, she be permitted to supplement them to cure any deficiencies.

Plaintiff has the burden to demonstrate her failure to fully comply with the disclosure requirements of Rule 26(a)(2) is substantially justified or harmless under the facts of this case. In determining whether Plaintiff has met her burden, the Court considers four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[25] The Court finds Defendants would be prejudiced if Plaintiff were allowed to supplement her disclosures at this late date, well after the discovery deadline and conclusion of the Pretrial Conference in the case. Moreover, the Court finds there is no practical ability to cure the prejudice to Defendants at this late date. Not only has discovery concluded but also the trial date is set. Plaintiff has disclosed more than twenty treating physicians and medical providers without adequate disclosures. Even if Plaintiff properly supplemented the disclosures of only a fraction of those treating physicians, Defendants would not have an opportunity to depose those witnesses without a continuance of the trial date. And, realistically, if Plaintiff were allowed to supplement with regard to those witnesses, Defendants would likely request to designate their own experts in response. There simply is no

---

[25] *HCG Platinum*, 873 F.3d at 1200.

feasible way at this late date in the case to cure the prejudice Defendants would suffer if Plaintiff were allowed to supplement. The Court finds no bad faith on the part of Plaintiff, however the prejudice to Defendants tips the balance of the Court's analysis. The Court finds Plaintiff's inadequate disclosures are not harmless and grants Defendants' request to strike the expert witness disclosures of all but Drs. Sweet and Davies.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Deny Late Filed Exhibits (ECF No. 256) is denied.

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiff's Witnesses Pursuant to Rule 26(a)(2) (ECF Nos. 202 and 255) are sustained in part and overruled in part. Defendants' Objections to Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosures are **overruled** with respect to Plaintiff's treating physicians Drs. John Sweet and Scott Davies. Defendants' Objections to all other witnesses identified by Plaintiff in her witness disclosures are **sustained**, and Plaintiff shall not be permitted to use those witnesses at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.

IT IS SO ORDERED.

Dated January 13, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge